UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM MCADAMS,

     Plaintiff,

-vs-

DYNAMIC RECOVERY SOLUTIONS, LLC,

     Defendants.
_____/
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorney for Plaintiff
17200 W 10 Mile Rd Ste 200
Southfield, MI 48075
(248)246-6353
adalesq@gmail.com
_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties and Jurisdiction

1. William McAdams, ("Plaintiff), brings this lawsuit because of illegal collection tactics by Defendant.

2. This court has federal question jurisdiction under Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") and 28 U.S.C. §§1331, 1337.

3. This action is also brought under common law, and this court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. §1367.

4. Plaintiff is a consumer as defined by the FDCA Act, 15 U.S.C. §1692 et seq, at 1692a(2).

5. Plaintiff resides in Whittmore, Michigan, Iosco County.

6. Defendant Dynamic Recovery Solutions, LLC (hereinafter "DRS") is a South Carolina corporation and has its principal place of business in the City of Greenville, in the State of South Carolina. At all times material hereto, DRS was transacting business in the State of Michigan.

7. DRS is a "debt collector" as defined by 15 U.S.C. §1692a(6) because it uses interstate commerce or the mails while engaged in a business whose principal purpose is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. DRS is also is a "collection agency" according to the definitions in M.C.L. 339.901(b).

## General Allegations

8. Prior to 2008, Plaintiff opened a credit card with non-defendant Washington Mutual Bank, which was then owned by Washington Mutual, Inc., ("WaMu").

9. On July 9, 2008, Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy in the U.S Bankruptcy Court for the Ninth Circuit, Case # 08-bk-10179.

10. Among the debts and creditors listed in the above-referenced bankruptcy was the credit card account referenced in paragraph 8 above. WaMu did not object to the dischargeability of Plaintiff's debt.

11. On September 26, 2008 WaMu filed for Bankruptcy protection. Ultimately their assets were seized and sold to JP Morgan Chase in 2009.

12. Despite Plaintiff's bankruptcy filing, his discharged WaMu credit card debt incorrectly survived, and upon information and belief, was assigned, sold or transferred to multiple debt buyers/collectors, including non-defendant DeVille Asset Management.

13. Upon information and belief, Plaintiff has not made a payment on the subject credit card debt since prior to his bankruptcy filing in 2008, and for at least six (6) years in any event.

14. On February 2, 2013 Plaintiff's bankruptcy was discharged. The WaMu debt was explicitly listed as a discharged debt on the bankruptcy Matrix, Docket #70 of Case #08-bk-10179 referenced above.

15. In 2016 Plaintiff began receiving phone calls from Defendant DRS, indicating they were attempting to collect a debt for it's client: DeVille Asset Management.

16. DRS was attempting to collect on the above-referenced WaMu credit card debt that had ultimately been sold or transferred to Deville Asset Management, and assigned to DRS for collection.

17. DRS was attempting to collect a debt that had been discharged and was also time-barred and beyond the applicable statute of limitations.

18. Plaintiff specifically advised DRS representatives on multiple occasions that the WaMu credit card debt was included in his bankruptcy and that he did not owe it and would not pay it.

19. Despite this information, DRS continued to attempt collection. In a letter dated August 18, 2016, DRS continued the collection efforts, confirming that the debt originated as a WASHINGTON MUTUAL BANK debt, and that the "Current Creditor" was Deville Asset Management. (**Exhibit A**).

20. 11 U.S.C. § 727(b) mandates, in part: . . . a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title. . ."

3

21. Moreover, the subject credit card debt is time-barred, because the applicable Michigan statute of limitations on the subject debt is six (6) years. DRS failed to advise Plaintiff, by telephone or in writing that the subject debt was time-barred, and thus not legally enforceable.

22. DRS collectors also made phone calls to Plaintiff and left voice mails, without identifying themselves as debt collectors, without advising the call was an effort to collect a debt and otherwise in violations of the pertinent debt collection laws.

23. As the result of the facts alleged above, Plaintiff has suffered damages including actual damages and emotional distress.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. Plaintiff incorporates the preceding allegations by reference.

25. DRS, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

26. DRS has engaged in violations of the FDCPA, including but not limited to:

a) disregarding the "mini-Miranda" requirements contained in 15 U.S.C. §1692(e)11;

b) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

c) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

d) engaging in abusive conduct in prohibition of 15 U.S.C. §1692d;

e) attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in prohibition of §1692f;

f) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

    g) engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in prohibition of 15 U.S.C. § 1692(d).

27.    Plaintiff has suffered damages including but not limited to frustration, embarrassment, and emotional distress as the direct result of Defendant's violations of the FDCPA and Michigan law.

## COUNT II - MICHIGAN OCCUPATIONAL CODE

28.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

29.    DRS is a "collection agency" under MCL §339.901(f).

30.    Defendant's foregoing acts and omissions in attempting to collect the alleged debts described herein against Plaintiff constitute violations of the Occupational Code, including, but not limited to:

    a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

    b. Failing to send Plaintiff a letter within five days after their initial communication as mandated by MCL §339.918.

    c. Communicating in a misleading or deceptive manner.

    d. Misrepresenting the legal rights of the debtor or creditor.

    e. Communicating with the debtor without accurately disclosing the caller's identity.

31.    These violations of the Michigan Occupational Code by Defendants were willful.

32.    Plaintiff has been harmed by these violations in an amount to be determined at trial, and DRS violations constitute flagrant violations requiring treble damages.

## DEMAND FOR JUDGMENT AND RELIEF

33.     Accordingly, Plaintiff seeks Judgment against DRS for:

a. equitable relief and statutory damages under the Michigan Occupational Code regarding cessation of illegal debt collection;

b. Actual damages including damage to reputation, embarrassment and emotion distress in accordance with 15 U.S.C. § 1692k(a)(1);

c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

d. Statutory costs and attorney fees in accordance with 15 U.S.C. § 1692k(a)(3);

e. Treble damages;

f. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury.

Respectfully submitted,

By: **/S/ Adam S. Alexander**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorney for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI  48075
(248) 246-6353
adalesq@gmail.com

December 14, 2016

6

**EXHIBIT "A"**

# EXHIBIT "A"

Aug. 30. 2016 10:08AM   Point Dedicated Services                            No. 6364   P. 2

William McAdams
951 S Towerline Rd
Whittemore, MI 48770-9217

# DYNAMIC
## RECOVERY SOLUTIONS

August 18, 2016



Original Creditor: WASHINGTON MUTUAL BANK
Original Account Number: ************20474
Current Creditor: DeVille Asset Management
Current Account No.: 049320188
Current Balance: $4,701.07

Dear William McAdams,

We have been asked to contact you by our client, DeVille Asset Management, regarding your past due account with them. Our Client has not received payment as of the date of this letter. Therefore, the account has been placed with our office for collection.

① You may resolve your account for $2,115.48 if payment is received before September 26, 2016. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

② You may resolve your account for $2,350.54 in 2 payments starting on September 26, 2016. We are not obligated to renew this offer. Please make payments no more than 30 days apart. Upon receipt and clearance of these two payments of $1,175.27, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

③ You may resolve your account for $2,585.59 in 4 payments starting on September 26, 2016. We are not obligated to renew this offer. Please make payments no more than 30 days apart. Upon receipt and clearance of these four payments of $646.40, this account will be considered satisfied and closed, and a satisfaction letter will be issued or;

④ If you are unable to accept the above offer(s), please contact our office. We take pride in working with all consumers, regardless of your current financial position.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

 **Customer Service: 877-821-1659**

 **http://drs.cssimpact.com/negotiator/**

 **PO BOX 25759, GREENVILLE, SC 29616-0759**

  

Scan this code with your smartphone to pay your bill online.

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau.

PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION